I would like to save five minutes. May it please the court, James Buechel for appellants. The most fundamental error of the district court was that it failed to follow the controlling precedent of the Kalina case concerning the misconduct of Deputy District Attorney Kalbaugh. Mr. Kalbaugh swore out two affidavits in support of arrest warrants, one for each independent plaintiff. He and both of these affidavits contained false statements about the plaintiffs. I want to emphasize the independence of the two plaintiffs because it's clear that Appellant Schultz did absolutely nothing except stand around at a protest. Yet Mr. Kalbaugh swore that there was probable cause to arrest him and falsely stated that he physically threatened members of the Antifa group. The district court did not give any individual analysis to Mr. Schultz's claim even though in the first federal court action, the first 1983 action, the court there had expressed concern and I quote, there's nothing that Mr. Schultz even did that's evident. Mr. Kalbaugh made the same false accusation against Mr. Gibson and added two more. He said that Mr. Gibson was pushing a woman named Heather and Clark. In fact, Mr. Gibson was backing away as Miss Clark was attacking him and he said that Mr. Gibson repeatedly challenged members of Antifa to fight him, which was also false. There was never any such challenge. So under Rule 12, we take the facts in the light most favorable to plaintiffs who squarely allege that all these statements are false and they're not mere allegations here. These finding, these allegations are consistent with the findings of or the remarks of a federal judge, two state court judges, and a state liquor investigator. Now to make matters worse, then when we brought the first 1983 action, the DA's office refiled these false affidavits in federal court and when the federal court expressed concern about prosecuting an innocent man said, oh, well, there's more evidence that you haven't seen, which was also false because there was no more evidence. The entire encounter was videotaped. Is it your position that the Kalina case also governs the affidavit that was filed in the first federal lawsuit? I'm sorry, I missed the last five words. Do you think that the Kalina precedent governs whether immunity applies to the declaration filed in the first federal lawsuit? I think that's worse than Kalina because I don't think that's conduct intimately connected with the judicial criminal process at all. It's outside the criminal process. It's in a separate context where the federal court is trying to look into what happened. I guess I'm not sure I follow that because the first federal case tried to stop the state criminal proceedings, challenging those proceedings as illegitimate, and then the prosecutor appears to basically defend those criminal proceedings. So how is that not connected to the criminal proceedings when the purpose of the prosecutor's action was to defend the legitimacy of proceedings? Our position is that mere connection or relation to the criminal proceedings is not enough. Our contention is that under Kalina it has to be intimately connected with the core function of presenting the state's case and acting as an advocate for the state once the probable cause has already been established by a neutral magistrate. So that's our position, but if you are correct, and if in fact Kalina applies in the second case, it's still the same thing. The prosecutor should not be. I guess I'm questioning whether Kalina does apply. I mean Kalina tells us look at the function that the person is performing. Are they acting as a lawyer? Are they acting as a witness? It seems I understand the argument as to the arrest affidavit that that's a witness function and not a lawyer function, but I'm struggling to see how the analysis is the same for the declaration that's filed in the federal lawsuit, how that is a witness function and not a lawyer function. Well all I would say is that when Deputy District Attorney Kalbaugh signs an affidavit saying I certify the following is true under penalty of perjury, he is acting as a witness. He's not acting as a lawyer and that function of acting like a witness is a function he performed in the federal criminal case and in the subsequent 1983 case. In any event, someone had to, well I'm moving past that, I just want to remark that the information that was in the affidavit is not, as the defendants claim, information that he was just relaying from the detective. I have one factual question if I can interrupt. The, were Mr. Gibson and Mr. Schultz, were they arrested after the arrest warrant came out or was it after they were indicted? I believe, I'm not a hundred percent sure when Schultz was arrested and Gibson turned himself in, but I believe it all happened after we learned, yeah it was after the indictment. Okay, so it was after the grand jury issued the indictment. Yeah, because we learned. Does that change, does that change anything that it was after the indictment rather than after the information was filed? Not under Kalina because Kalina is holding the prosecutor responsible for his conduct which was prior to the indictment and for his conduct in connection with the factual support for the motion for arrest and convincing the magistrate that there was probable cause when in fact there was none. So anyway, I wanted to be, a subtle point is, was he just relaying information from the detective and he was not relaying information from the detective? He said in the affidavit it was what he knew or he learned and then later in the federal court he admitted that he had watched all these things himself before executing the affidavit. So it was, you know, on personal, was on personal knowledge. That is really irrelevant. We stumbled across an additional case, Olson versus Champaign County, 784 F 3rd 1093, a Seventh Circuit case. In that case, the prosecutor verified an information exclusively on the basis of information from the detectives and the answer was Kalina still applies. You've stepped outside your lane and there is, there is no immunity. So we think the district court just employed the wrong standard. It asked whether this conduct was connected with the prosecutor's role or related to the role, but that's not the standard under Kalina. The standard under Kalina and Imler versus Pacman is intimately connected and acting as a witness is outside, outside the, outside the lane. Can I switch gears? I have a couple of questions just about then what is actually being pled in the complaint. So you are pleading a section 1985 conspiracy claim. Are you pleading any other conspiracy theory or claim outside of the section 1985? I believe the complaint can be construed to include a section 1983 conspiracy claim and a section 1985 conspiracy claim. Do you have authority that you can do a conspiracy claim under section 1983? Sometime in the last 48 hours I have read a case that says there are conspiracy claims under both sections, but I do not remember the name of the case. The important part as far as I'm concerned is that I believe we've established and factually pled in sufficient detail a conspiracy to misuse the criminal justice system to produce malicious prosecutions for the purpose of chilling political speech and we've pleaded in detail how all the people were involved in that and that is a direct violation of section 1983 by the prosecutors, the malicious prosecution, and it is the conspiracy violation of 1983 and 1985 for the remaining defendants. Counsel, the district court said that your complaint could be dismissed on the basis of Rule 8. Isn't that an independent basis for, for dismissing this complaint without reaching the merits? I don't believe that is true in this case, Your Honor, because Rule 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief. Okay. Let's, let's turn to your first claim for relief, which is your 1983 claim. So paragraph 254 says plaintiffs were deprived of rights guaranteed by defendants. Is that all of the defendants or just some of the defendants? It is all of the defendants. All of the defendants. So all of the defendants were, were deprived, your clients of their rights of free speech and peaceable assembly? That is correct. Okay. The institutions as well as the individual. Yes. In all, in all in the same, in the, in the same actions? Yes. That is what we plead and that is what we establish through extraordinarily detailed factual pleading. Well, I, I, I, I will concede that you've got an extraordinary detailed factual pleading, but you haven't related any of those facts to any of the defendants in any of your claims. And that's why the district court said you have violated Rule 8. What I would say is that each of the claims reincorporates the foregoing allegations of fact. And in the foregoing allegations of fact, we plead in detail how the city in particular led this campaign of, of, of hate against these particular clients. That there developed this rally that was forming, that they had high level meetings among all the defendants to meet, to decide what to do about this. They devised the plan of indicting these people. They did it. Afterwards, the mayor sent out the email to everyone else bragging that they had chilled the political expression in this case. And the conspiracy was a success and continued to be carried forward by all the members of the conspiracy whose role is pleaded in detail in the complaint. And that is how the defendants here have, have, have, they have no problem. This is a notice, we, we are in a notice pleading world. We are not in a code pleading world. And in a notice pleading world, the fundamental question under the federal rules of civil procedure is whether the defendants have had a fair chance to understand the allegations against them. And as section 1983 claims go, they have an extraordinarily fair chance to understand the allegations against them. They do understand the allegations against them. And they've raised very specific defenses about very specific issues that, that came up in, and were raised by the complaint. So I don't, I don't think in a context where the rules require a short and plain statement, that to take these facts and then to repeat the entire set of facts in every single claim would make the complaint three times as long and it would add nothing of value to litigants. They know what they are charged with. With that, I see that I'm already into my rebuttal time. And so I'll sit down unless there's particularly hot issues your, your honors want to cover. Great. Thank you. You're welcome. May it please the court, counsel Kate Morrow on behalf of the district attorney defendants, I will be using six minutes of argument time and then the city and county defendants will be handling the rest. Your honors, I'm going to start with the rule eight issue. Rule eight is an independent basis for affirming the decision of dismissal of the district court. And the plaintiffs have not challenged the dismissal without leave to amend as to my clients in this case. Specifically, I want to note for the record that the arrest warrant is not in the record as far as we can tell in this case. And so date of arrest is only in declarations, but the arrest warrant itself is not in there. As to the federal proceedings, the complaint says that Deputy District Attorney Kalbaugh submitted a false affidavit connected to his declaration in that federal case. The declaration that was submitted in that federal case explains what Deputy District Attorney Kalbaugh did in leading up to the prosecution. And then for, and the affidavit in support of arrest was included, not necessarily for the truth of what it said, but for the fact that it had been filed in the criminal case. Well, did the DA Kalbaugh look at the videos? The declaration filed in the federal case says that he reviewed the videos, yes. But the truth or... He's not just transmitting it and he's saying this is true. I mean, obviously if he thought it was false, he wouldn't have said that, so. Well, so I think that's where the document we're looking at matters. So for purposes of prosecutorial immunity for filing the affidavit in support of arrest in the state criminal case, he explained that here are the facts he has learned and presented those facts to the court, complying with Oregon law, and then the magistrate determined that he had probable cause and issued an arrest warrant. In the federal case, he, the information that he relayed in a sworn statement was that he reviewed the videos, talked to the detective, and submitted, in accordance with Oregon law, the filings to establish probable cause for the arrest warrant. And so the prosecutorial here, the prosecutorial immunity question really goes to the affidavit in support of arrest warrant, not the filings in the federal case. And I think this further demonstrates the Rule 8 problems with this pleading, is that it's not clear from the complaint itself that the, like, what is being alleged as to the federal proceeding filings. I guess I don't understand that, because I read the complaint as suggesting that both of the affidavits that were submitted by the district attorney were wrong, they had false information in them. How is that not clear from the complaint? It's not clear what false information is in the declaration that was filed in the federal proceeding. In reviewing it, the declaration says he reviewed the videos, the declaration says he interviewed the detective, but the... And I guess I, point well taken in terms of, like, the granular which exact fact in the declaration that the plaintiffs are saying is false, but the fact that they are saying that the district attorney swore to false things, that seems pretty clear. And so if we come back to notice pleading, I'm struggling with why you can't understand what you need to do to defend your clients based on what the plaintiffs have said. Because the... So I guess we, as far as we can tell from the complaint, the allegations are that Deputy District Attorney Kalbaugh made a false affidavit and that was a violation of the plaintiff's rights. Beyond that, it's not clear to us what the Deputy District Attorney did. So the... If this court agrees with plaintiffs and that the pleading is sufficient, then my client's position is that the prosecutorial immunity attaches to any statements that they made. And so the... Regarding the affidavit in support of arrest warrant itself, that is really just a motion to the court and as, you know, fact matching to the documents in Kalina, it was similar to the motion not to the certification of probable cause. And under Oregon law, the way it was presented is sufficient, unlike in Kalina, where the certification of probable cause was part of Washington law that was required. So because it was sufficient under Oregon law to establish probable cause, the Deputy District Attorney Kalbaugh is shielded from suit in this case because he has prosecutorial immunity. And I guess then you think we should resolve this on prosecutorial immunity and not reach the sovereign immunity question as to your clients? That is certainly one option, Your Honor. However, if you disagree with our position on prosecutorial immunity as to Deputy District Attorney Kalbaugh, sovereign immunity does cover him and the office and the rest of the DAs and DDAs in this case. And so the 11th Amendment would be an alternative grounds for affirmance. And the district court did reach that. Well, the district court didn't reach our Cone decision in handling that immunity question. And so do you think that we should reach it in the first instance or remand it to the, if we got there, or remand it to the district court and say apply Cone? I see my time is up. May I answer your question and then I'll sit down? So the, in Cone, this court resolved the factors as a matter of law. And so this court in this case, if it doesn't think there's any factual issues to be resolved, could reach the Cone factors on this record. However, if this court thinks it's best to remand it and allow the district court to reach the Cone factors first, that is certainly an option. Is it clear under Oregon law, if the, if we found, if the district attorney was found liable, who would pay the judgment? If the district attorney is liable, the state indemnifies the district attorneys. And if you need a cite for that, I have one. Yeah. Would you give it? Is it, is it just the district attorney? What if it's a deputy DA? Is there a distinction between the two? Our position is that the state has exposure for dis, for judgments against district attorneys and deputy district attorneys acting in their prosecutorial capacity. A follow-up question related to that is this Oregon law 180.060 says, you know, quote, the attorney general shall consult with, advise, and direct the district attorney on criminal causes. Is that power ever actually exercised in that way? I've never heard of it. I don't, you know, maybe Oregon does. I mean, DAs are independently elected by their constituents. Does the attorney general tell local DAs what cases to prosecute or what not to prosecute? So we're, outside the record, the attorney general's office and the district attorneys work closely together. And the attorney general's office often will provide, will be appointed as special deputy district appoint attorneys to prosecute cases. Does the attorney general's office view this provision as giving it power to indict someone or prosecute someone or not to prosecute someone, override the DA? I mean, it's a little bit vague. I'm not sure what it means, direct, you know, consult with, advise, and direct. Maybe it's broad, but a little bit vague. I mean, is that the attorney general's position is they can direct the DA to charge someone or not charge someone? Yes. And there is an independent provision of Oregon law that allows the attorney general to convene a grand jury without consulting with the local DA. I think the question is just a little bit different. Can he overrule, can he overrule a DA? As a matter of statutory interpretation, it's an open question. Our position is that the phrase directs the DA in criminal causes does allow that authority. Can you give me that site about the state cover indemnifies DA? Yes, that is Oregon revised statute 30.2857. And that is cited in the county brief, I believe. And if the court has no other question, I will cede my time. Thank you, Your Honor. May it please the court, Denis Vanier appearing for the city defendants. The trial court correctly dismissed plaintiff's federal claims against city defendants as time-barred. And it correctly concluded that plaintiffs had failed to plead a state law malicious prosecution claim against the city. Plaintiffs can't show otherwise, and this court should affirm. So first, the district court correctly concluded the federal claims against the city defendants were time-barred. As we note in our brief, it's important to remember that plaintiff's federal claims against city defendants were not malicious prosecution claims. They were First Amendment retaliation, Fifth Amendment due process, a right to travel claim, a Fourteenth Amendment equal protection claim, and a defamation claim. And that's at ER 237. It's also well established that statutes of limitations begin to run when the cause of action is complete with all its elements. In this case, the causes of actions alleged against city defendants, the federal causes of actions, were complete. It, well, did not require the conclusion and acquittal at a criminal trial like a malicious prosecution claim. And as the district court correctly noted in this case, the, so as to Detective Traynor, the only, the most recent allegation mentioned in the complaint was Detective Traynor's grand jury testimony that occurred in August of 2019, which is almost four years before the complaint was filed. So I want to ask about conspiracy liability, this last overt act doctrine. So, I mean, typically in conspiracy liability, when you're applying the last overt act doctrine, you're looking at the last overt act of any co-conspirator. So if that was applied here, then the discrete actions by the city actors may not be the trigger for time purposes. Would you agree with that? Only to, yes and no, Your Honor. So I will explain. And so I think in this case, I would point this court to the Gibson case cited in our brief and the Klein case that is cited, is that as the court explained in Gibson, the injury and damages flow from the overt acts and not the mere continuance of the conspiracy. And so, you know, doesn't that go to liability unless to triggering of a statute of limitations? No, Your Honor. If, you know, as this court explained in Gibson, so in Gibson, for example, this court went really, you know, claim by claim and defendant by defendant, and same thing in Klein, and to really look what are the overt acts that are timely under the statute of limitations. And in the Gibson case, for example, I believe it was helicopter overflights. Those were timely and those could give rise to liability. And therefore, the claim directed at those overflights was timely, but the other acts were not. In this case, again, there is nothing alleged against Detective Traynor or against the city within the limitations period, which is here, again, there is no dispute that it is a two-year limitation period that apply. I mean, I understand that. And I think that you have a strong argument there that there are actions that are being alleged to have been unlawful that fall outside the limitations period. But my understanding of conspiracy liability generally is that it broadens the scope of things you can be responsible for when you're a co-conspirator. And so even if your particular actions couldn't give rise to liability, if co-conspirators did things that, and you're part of the same conspiracy, you can be responsible for their actions as well. And so if you have a situation where there are co-conspirators who are doing unlawful things within the limitations period, even if you directly didn't do something within the limitations period, you might still have a claim against you. I don't believe that's correct in the civil context, Your Honor. And again, I'm just going back to Gibson and Klein. And I will have this direct quote from Gibson, which is, quote, Plaintiffs may recover only for the overt acts that they specifically alleged to have occurred within the two-year limitation period. And in this case, there's nothing alleged against the detective trainer or the city that occurred within the limitations period. And again, there is an interplay with the federal claims, because it's important, again, to remember that the federal claims against city defendants are not malicious prosecution claims. So those claims were complete when plaintiffs, basically, when those causes of actions were, when plaintiffs were aware of the elements of those causes of action. And those causes of actions alleged against city defendants did not require completion of the criminal proceedings in the plaintiff's favor. In any event, as we point out in our brief, even if the claims were timely, they would fail in this case. So plaintiff's allegations against detective trainer stem from detective trainer's grand testimony, and he is absolutely immune from that. At the same time, the city also benefits from detective trainer's immunity to the extent that the claims against the city are based against the allegations against detective trainer. And that is the case in this case. So detective trainer, certainly the claims were properly dismissed as to him. Is there a claim against him for selective investigation? Not the way I read it. I think this gets to the Rule 8 issue. If your Honor looks at the claims, you know, again, alleged at ER 237, they're extremely generic, directed at all the defendants. And, again, to the extent that there is any claim to that effect against the detective trainer, it would be untimely in any event. But we don't believe that the complaint can be readily read to allege such a claim. And I would point out that detective trainer's police reports are in the record. I believe they are at city SCR 134 to, oh, I'm sorry, they are at ER 115 to 128, and they speak for themselves in this case. But the trial court correctly ruled for city defendants on a variety of alternative bases, including untimeliness, absolute immunity, and qualified immunity could be reached as well, even though the district court did not reach that issue. I see I'm out of time. And unless the court has any questions, I would ask this court to affirm the judgment of the district court. Great. Thank you. Thank you. Good morning, Your Honors. May it please the court, Andrew Jones on behalf of Multnomah County. The district court correctly dismissed the claims against Multnomah County because the facts could not show that any county policy was the moving force behind a federal or constitutional deprivation. The core functions in this case involving the district attorney that the plaintiff appellants challenged, the filing of an arrest warrant affidavit, the presentation to a grand jury, and the prosecution of the criminal case, those are all actions taken on behalf of and in the name of the state of Oregon. The district attorney's policies at a policy level on how and when to bring those charges, again, are taken on behalf of and in the name of the state of Oregon rather than the county. And that's why the county was correctly dismissed. And you agree with the state that any judgment against Calabar would be paid for by the state and not by the county? Yes, Your Honor, under 3285 sub 7. As this court knows, it looks to the forum states law in determining whether a district attorney is serving a state or local function, looking to the specific function at issue in the case. Here, Oregon's legislature has defined prosecutors as acting on behalf of the state when bringing a criminal prosecution. Can you answer the question I asked the state's which is, under Oregon laws, is it your view, the DA's view, that the state attorney general can tell the DA whether to prosecute a certain case or not prosecute a certain case? As I read the law, yes, Your Honor, at least with respect to the, my friend cited 180-060, and I think that's the statute the court cited as well. In addition, I'd point the court to 180-080, in which I think it describes the governor directing the attorney general. Are you aware of any instance, actual instance, in which the state attorney general told the DA, you must charge this case, or the DA says, I'm going to charge this case, the attorney general comes in and says, no, you're not. I'm sorry, I am not personally aware, Your Honor, just as I read those provisions that Your Honor has cited. I think the attorney general does have, to the extent there is control, it lies with the attorney general. It certainly doesn't lie with the county. I wasn't able to find anything giving the county's governing body the authority to direct the district attorney on any of these actions. Yeah, I think I've cited in the brief, and I don't want to restate things too much. I'm sure Your Honors are familiar, but all of the provisions of Chapter 8 with the district attorney given the ability to direct and control set policy to discharge, hire, or fire a deputy district attorney, lie with the district attorney. And the function in this case, as I said before, all relate to the state as the named party. So for those reasons, I think the county was correctly dismissed without leave, and I think the court should and can affirm on this record. So going back to the sovereign immunity question, more than the sort of direct liability against the county itself, does the county have, like, what degree, if any, oversight does the county have over the DA's office? The only, I don't think there's any oversight, Your Honor, in terms of directing or controlling. There's statutory provisions that the county can provide salaries for a portion of the district attorney's salary in addition to the state paid amount, and then give salaries. The reality, right, is that most of the money comes from the county, and not from the state. That's right, Your Honor, and all of the salaries for deputy district attorneys, but there isn't a concomitant right to direct, control, or hire, or fire those deputy district attorneys. That lies statutorily with the district attorney. So for example, like the HR department, is that county-based or is that state-based? I believe the county HR department is, that is county-based. The state has its own HR department, but the county does as well. If the, not the DA himself, but if the district attorney's office is held liable here, who would pay? Our position is it would be the state, Your Honor. And does the state agree with that? That's a question for the state, Your Honor. I think the state says the county's, their brief says the county's liable. I'm sorry, Your Honor, as the county reads the Tort Claims Act, public body is the large term in which the state is encompassed, and as I read the statutes, the public body indemnification runs to the state in this instance, given it's a district attorney and deputy district attorney action. There certainly are functions that the district attorney's office performs that are more county functions. I know that like DA's offices give legal advice to counties, for example, which would be sort of outside their prosecutorial role. That's actually called out in the statute, Your Honor, that that's a possibility. I think in reality, offices like mine, which are not district attorney's office, provide the legal advice to county workers, not the district attorney. So just out of, are there other things that are sort of county functions that the DA's office does? Because of course the lion's share of what they do is prosecute, but are there other things they do that are county-based functions? Well, for example, the county does, I think, I think the statute that carves out responsibility for paying any judgments only lists certain specific individuals in the district attorney's office. So for example, like an investigator or county staff or staff of the district attorney, I think they're probably county actors, so for purposes of liability, if that makes sense. Okay. And I'm well over my time, so unless there are other questions, Your Honor, thank you, and I'd ask you to affirm. Great. Thank you. We have here a foundational claim of malicious prosecution by the DA's office, the two DA's. Can I stop you right there? Are you asserting a malicious prosecution claim in your 1983 action separate from your state malicious prosecution claim? Yes. Where? Can you point me to the language in the complaint that for the 1983 action that alleges malicious prosecution? The language says that based on the foregoing allegations, these defendants have deprived civil rights. Among the things alleged in the foregoing allegations is that they deprived my client's civil rights by putting them through a malicious prosecution as innocent men. That malicious prosecution was the product of a complicated and extensive conspiracy at the highest level. I get the factual allegations, but you have a 1983 claim and it has some specifics under it in terms of what the legal theories are that you're asserting under 1983. The Supreme Court has said malicious prosecution arises under the Fourth Amendment. You have no reference to the Fourth Amendment. You have reference to the Fifth and the Fourteenth and the First. So where in there, in your 1983 claim, statement of that claim, do I find malicious prosecution? You do not find the words malicious prosecution. You find that there was a violation of rights by reason of the foregoing conduct. Again, this is notice pleading. It is pleading of the facts giving rise to the violation. They violated the statute. They violated the statute in a number of ways. And the two ways, the overarching way is a conspiracy to commit malicious prosecution and the malicious prosecution. I mean, I understand the thrust of what you're trying to say in this case. The thing that I'm left puzzled with is you took the time to specifically talk about the right to travel as a specific argument, but you didn't specifically identify malicious prosecution, which seems to be the overall thrust of your case. And I don't understand why. I guess I don't understand. I am required to identify, as I understand it by the precedent, the specific constitutional rights that were violated. And malicious prosecution invokes a violation of, in these circumstances, due process and equal protection. It is in order to state a 1983 malicious prosecution claim, you have to show more than state law malicious prosecution. You have to show this malicious prosecution, which is motivated and specifically motivated by a desire to violate one of the other rights, in this case, the First Amendment. And all of that is pleaded in quite some detail. And the defendants have no trouble understanding it. So I guess we did the best that we can do and put the claims before the court and the facts are there and the law is there. And that's all I can say. The city defendants here, you raised a about selective investigation. That is also very specifically pleaded in the complaint about the involvement of Officer Traynor. Now, turning to the question of conspiracy and how that works, they seize upon the language in Gibson. Counsel, your selective prosecution is 225B, and Traynor is not mentioned in there. You actually did mention defendants there. It's the one place in the — in your first claim that you actually did mention defendants, and Traynor is not mentioned. Traynor is not mentioned. Multnomah County, MCDA, Underhill, Schmidt, Calba, and Huey. Defend plaintiffs, selectively prosecute plaintiffs, and abuse the prosecutorial discretion. That is true. And then later, I say that all the defendants were involved in the conspiracy to achieve that as an object, which is what they were trying to do. They were all working together to immobilize these people for political purposes. That fairly leaps from the complaint. I'm running out of time. The thing that I most wanted to cover is that it's crystal clear from the DA's brief that they flat-out admit that the state will pay any judgment in this action. That's on page 32 of their brief. It's a judicial admission. The statutes that they cite about how maybe somehow the state could pay, none of them say that. They talk about providing a defense to the district attorney himself because they wanted to prevent conflicts of interest between the DA and the county officials. And it's a narrow little provision. The fact is the state would pay none of these damages. The fact is this Court has already decided that the state has no control over the DA or the DA's office of any magnitude whatsoever. All of the predicates for 11th Amendment damages against the Treasury, none of them apply at all. The only cone factor that's possibly arguably relevant is state intent. And we think that under the evolving Supreme Court authority that we cited in the Rule 28J letter, that states can't just immunize 1983 actions through their own intent. The question is congressional intent and what Congress intended to cover. And the plain language of 1983, the plain language of the Supreme Court, is that the state's officials are liable under these circumstances. Now, the one last thing I'll say, if you'll let me since I'm even further over now, is that the Gibson case is an interesting case. It does say you can only recover for the last overt act. It seems clear to me that that's a rule of damages. In other words, we can't recover for damages that occurred more than two years from an overt damages that flowed from a particular overt act before the statute of limitations. But we can recover for the primary damages here, which was the enormous cost of a trial that never should have happened. And the defendants who all engineered that together through all the roles we very specifically plead should be required to repay these individuals their trial costs. That overt act is within the statute of limitations. And if there are no further questions, I will sit down. Great. Thank you. Thank you all for the very helpful oral argument. The case has been submitted.
judges: BYBEE, LEE, FORREST